UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CECILIA K. GULLAS,

                Plaintiff,

-against-

SEPTEMBER 11TH VICTIM COMPENSATION FUND; ALLISON TURKEL,

                Defendants.

24-CV-6679 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action alleging that Defendants violated her rights under Title IX of the Education Amendments of 1972 ("Title IX"). Named as Defendants are the September 11th Victim Compensation Fund ("VCF") and VCF's Special Master, Allison Turkel. By order dated November 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who resides in New York, alleges that she filed a claim with the VCF based on her alleged exposure to the conditions near the World Trade Center ("WTC") following the September 11, 2001 terrorist attacks. After filing her claim, "[f]or 20 years, I waited for action regarding my application. Nothing came from VCF." (ECF 1, at 6.) At some point, however, VCF rejected Plaintiff's claim, stating that Plaintiff's "presence at the WTC cannot be ascertained." (*Id.*) Plaintiff contends that VCF

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

provided "very little information that I can appeal" and that "[t]his is gross negligence on the part of VCF." (*Id.*)

In an affidavit attached to the complaint, Plaintiff states that she has "been certified with a certifying medical condition by the World Trade Center Health Program . . . [and that she has] fulfilled all legal requirements for a just compensation." (*Id.* at 8.)

Plaintiff seeks money damages in the amount of $75,000.

## DISCUSSION

A.  **Claims arising from September 11, 2001 attacks**

To the extent Plaintiff asserts claims arising from injuries that she may have sustained as a result of the September 11, 2001 terrorist attacks, Plaintiff waived her right to file a federal civil action when she filed a claim with the VCF.

Following the September 11, 2001 terrorist attacks, Congress provided two options for individuals to assert claims arising from injuries incurred as a result of the attacks: the VCF or a traditional lawsuit. If a claimant chooses to file with the VCF, that filing operates as a waiver of the right to file a civil action. *See Virgilio v. City of New York*, 407 F.3d 105, 109 (2d Cir. 2005) (citing Air Transportation and Safety and System Stabilization Act ("ATSSSA"), Pub L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 40101 note). The waiver provision is unambiguous because it "clearly states that [VCF] claimants waive their right to bring civil actions resulting from any harm caused by the 9/11 attacks[.]" *Id.* at 112-13.

Plaintiff expressly states that she filed a claim with the VCF, and the VCF denied her claim. She therefore waived her right to bring a federal claim for the damages she allegedly sustained as a result of the September 11, 2001 terrorist attacks. The Court dismisses that claim for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

*See, e.g.*, *Virgilio v. Motorola & City of New York*, No. 03-CV-10156, 2004 WL 433789, at *2 (S.D.N.Y. Mar. 10, 2004) (granting the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) because, in filing VCF claims, the plaintiffs had waived, under Section 405(c)(3)(B)(i), their right to bring a civil action for damages), *aff'd*, 407 F.3d 105 (2d Cir. 2005).

**B.    Title IX Claims**

Plaintiff invokes Title IX as a basis for relief, but does not allege that Defendants violated this statute. Accordingly, the Court also dismisses these claims for failure to state a claim.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To state a claim under Title IX, a plaintiff must allege that members of the opposite sex were treated differently in similar circumstances and that the discrimination or bias is on account of sex. *See Doe v. Columbia Univ.*, 831 F.3d 46, 57-59 (2d Cir. 2016). Plaintiff does not state any facts suggesting that any decision-maker, regarding her VCF complaint, was motivated by her sex. The Court therefore dismisses any claim Plaintiff seeks to assert under Title IX for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend because the defects in her complaint cannot be cured with an amendment. Plaintiff cannot assert claims arising from any harm she experienced as a result of the September 11, 2001 terrorist attacks because she filed a claim with the VCF.

The complaint also does not concern any allegations that Defendants violated Title IX. Accordingly, as leave to amend would be futile, the Court declines to provide it.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: April 14, 2025
       New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge